**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 20-120-DLB-EBA**

| | |
|---|---|
| **WESTPORT INSURANCE COMPANY** | **PLAINTIFF/ COUNTER-DEFENDANT** |
| v. **MEMORANDUM ORDER** | |
| **CITY OF NEWPORT, KENTUCKY, et al.** | **DEFENDANTS/ COUNTER-PLAINTIFFS** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's Motion to Remand (Doc. # 17). The Motion has been fully briefed, (Docs. # 22 and 23), and is now ripe for the Court's review. For the reasons stated herein, Plaintiff's Motion is **granted**.

Plaintiff, Westport Insurance Company ("Westport"), issued Defendant, the City of Newport, Kentucky, an insurance policy effective from approximately July 1, 1997 to July 1, 1999 for liability insurance. (Doc. # 1-1 ¶ 1). Westport filed the instant insurance action on June 26, 2020 in Campbell County Circuit Court seeking a declaratory judgment that it does not have a duty to defend or indemnify the Defendants, which include Newport and several individual police officers, in connection with a pending civil rights lawsuit against them. (*Id.* at 1-25). Westport specifically requests that the court "declare that, under long-established Kentucky law . . . the injury resulting from malicious prosecution is inflicted at the time of charging, and that subsequent suffering and exacerbation of harm . . . does not constitute [a] new and separately compensable injury triggering

1

subsequent insurance coverage." (*Id.* ¶ 5). In the underlying civil rights lawsuit, the plaintiff, William Virgil, alleges, among other things, malicious prosecution under § 1983 against Newport based on a 1987 charge of murder, a crime for which he was later exonerated in 2015 after serving twenty-eight years in prison. (*Id.* ¶¶ 2-4).

William Virgil, named as a Defendant in the instant insurance dispute, filed a Notice of Removal on August 24, 2020 pursuant to 28 U.S.C. §§ 1332 and 1441. (Doc. # 1 at 1). One basis for federal jurisdiction alleged in the Notice of Removal is diversity jurisdiction under 28 U.S.C. § 1332(a). (*Id.* ¶ 10). However, in response to Plaintiff's Motion to Remand, Virgil concedes that diversity jurisdiction under § 1332(a) is not available due to application of the "forum defendant rule," which prohibits removal on the basis of diversity where the defendant is a citizen of the state in which the action was originally filed. (Doc. # 22 at 3 n.2); 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").[1]

The Notice of Removal also states that "this Court has original subject matter jurisdiction over this declaratory judgment pursuant to 28 U.S.C. § 2001, *et seq.* and Rule 57 of the Federal Rule[s] of Civil Procedure." (Doc. # 1 ¶ 8). As Westport notes, Virgil likely meant to refer to 28 U.S.C. § 2201, *et seq.*, the Declaratory Judgment Act. (*See* Doc. # 17-1 at 8 n.2). Yet, the Declaratory Judgment Act does not constitute an independent basis for federal jurisdiction. *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir.

---

[1] The Newport Defendants are Kentucky citizens, and the action was originally filed by Westport in Kentucky state court. (*See* Docs. # 1-1 at 1-25 and 22 at 3 n.2).

2007). In other words, a plaintiff must establish that the Court has diversity jurisdiction or federal question jurisdiction before invoking the Court's discretion under the Declaratory Judgment Act. *Id.* ("Before 'invoking the [Declaratory Judgment] Act,' . . . a federal court must 'have jurisdiction already[.]'") (quoting *Heydon v. MediaOne of S.E. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003)); *see also Northfield Ins. Co. v. Saylor*, No. 6:07-295, 2008 WL 2705582, at *2 (E.D. Ky. July 10, 2008).

In his Response, Virgil does not contest this point, and rather, argues that the Court has federal question jurisdiction because "Westport's contractual obligations to the Newport defendants[] depend on Virgil's underlying § 1983 action" and that "[t]he crux of the dispute is whether Westport's policy—although enacted after Mr. Virgil's wrongful conviction—requires Westport to defend and indemnify the Newport defendants in the Virgil lawsuit." (Doc. # 22 at 4).

To that end, Virgil relies on the Sixth Circuit's decision in *St. Paul Guardian Insurance Co. v. City of Newport*, 804 F. App'x 379 (6th Cir. 2020). (*Id.* at 1-3). That case involved an action brought by three other insurance companies (not including Westport) seeking a declaratory judgment that the insurers did not have a duty to defend or indemnify the defendants in the underlying Virgil lawsuit because Virgil's alleged "injury" stemming from the malicious prosecution—the triggering event under the policy—"happened decades prior to the [policies' coverage] periods." *St. Paul*, 804 F. App'x at 380-81 (alteration in original). According to Virgil, "[t]he key to the Sixth Circuit's decision in *St. Paul* was not the mundane question of the import of the otherwise plain meaning of the insuring agreement, but rather a pronouncement by the Court that, under federal law, a § 1983 malicious prosecution injury . . . is continuous in nature, occurring not just at the

3

point of charging or conviction, but over the entire span of the improper incarceration." (Doc. # 22 at 2). Plaintiff asserts that that same issue, which must be decided in the instant action brought by Westport, is a matter of federal law—not state law, giving rise to federal question jurisdiction. (*Id.*).

"Federal-question jurisdiction exists when the cause of action arises under federal law." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020). Typically, courts look to the face of the complaint to assess whether it presents a cause of action under federal law. *Id.* When assessing jurisdiction over a declaratory judgment action, like the one here, "[r]ather than examining the face of the declaratory judgment complaint, we instead 'ask whether, absent the availability of declaratory relief, the case could have [been] brought in federal court." *Id.* (quoting 15A James Wm. Moore et al., *Moore's Federal Practice – Civil* § 103.44 (2019)). This requires considering the "anticipated claim underlying the request for declaratory relief . . . to determine if the face of that claim could arise under federal law." *Id.* at 991 (citing *Severe Records, LLC v. Rich*, 658 F.3d 571, 580 (6th Cir. 2011)).

A claim "arises under" federal law when either (1) the cause of action is created by a federal statute or (2) the action presents a substantial question of federal law. *Id.* Substantial questions of federal law "typically require 'the interpretation of a federal statute' that is so significant that a federal court should hear the case." *Id.* at 992 (quoting *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 552 (6th Cir. 2006)). Three factors courts consider to determine whether a state-law claim presents a substantial federal question are: (1) whether the claim "necessarily raise[s] a stated federal issue" that is (2) "disputed and substantial" and (3) "hearable by the federal courts without disturbing the established

federal-state court balance." *Id.* (quoting *Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1014 (6th Cir. 2018)); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

Neither Westport's declaratory judgment action nor Defendants' anticipated claims for insurance coverage against Westport presents a substantial question of federal law. As an initial matter, Virgil mischaracterizes the Sixth Circuit's reasoning in *St. Paul*, which addressed the same issue presented by Westport's declaratory action. In *St. Paul* (before the court on the basis of diversity jurisdiction), the Sixth Circuit described the issue before the court as "one of contract interpretation—whether Virgil's alleged injuries 'happened while' any of the relevant insurance policies were 'in effect.'" 804 F.App'x at 381-82 (alteration omitted). The court proceeded to apply Kentucky law to interpret the insurance policy language to find that under the plain terms of the agreement, the policy covered any injuries that occurred during the coverage period, regardless of when the wrongful causal event occurred. *Id.* at 382. Next, the court considered the nature of the injuries Virgil alleged in the underlying lawsuit, namely his twenty-eight-year incarceration and the resulting emotional pain and loss of a normal life. *Id.* In its opinion, the Sixth Circuit was careful to note that "Virgil did not allege a malicious prosecution *injury*; he raised, among others, a malicious prosecution *claim*." *Id.* at 382-83 (emphasis in original). Thus, the court's analysis did not, as Virgil suggests, hinge on the nature of a § 1983 malicious prosecution injury, but rather, on the nature of the injuries Virgil specifically alleged in his complaint and whether those injuries were covered under the plain language of the insurance policy.

Westport similarly seeks "[a] declaration that Westport has no duty to defend or indemnify the Newport Defendants . . . in connection with the Virgil Lawsuit, as the suit arises from an offense and injury taking place a decade before the Westport coverage." (Doc. # 1-1 at 25). Accordingly, Westport's declaratory judgment action presents a question of contract interpretation—not one of federal law—that will require the court to examine the language of the policy Westport issued to Newport to determine whether the injuries Virgil suffered as a result of Newport's alleged malicious prosecution are covered. Were Westport not seeking declaratory relief, the anticipated claim would be one brought by the Newport Defendants against Westport seeking coverage pursuant to the insurance policies. This adversarial action would similarly involve interpretation of the insurance policy, rather than an issue of federal law. Thus, the declaratory judgment action and anticipated claim underlying the declaratory action do not "necessarily raise[] a stated federal issue." *Miller*, 949 F.3d at 992 (alteration in original).

Even assuming that in resolving the underlying insurance dispute, the court were to consider, generally, the nature of an injury arising from a § 1983 malicious prosecution claim, this issue would not be "substantial." "In assessing whether a federal question of law is substantial, we consider whether a federal agency is a party to the action, whether the federal issue is important and dispositive, and how broad the binding effect of the decision will be." *Id.* at 993 (citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 570 (6th Cir. 2007)). Here, no federal agency is party to, or would be party to, the insurance dispute. In addition, if the Court were to, for example, conclude that injury resulting from a malicious prosecution is continuous in nature, that would not resolve the question of whether and to what extent the alleged injury *is covered by the terms of the insurance*

*policy at issue*. Finally, the binding effect of the decision would be limited, as the ultimate decision would depend upon the specific language of the insurance policies and whichever state law is applied to interpret the policy language.

Finally, resolving this otherwise ordinary insurance dispute in federal court would "disturb[] the established federal-state court balance," as contract interpretation is traditionally in the wheelhouse of state courts. *Id.* at 992; *see Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 815-16 (6th Cir. 2004) (describing insurance contract interpretation as a question of state law that state courts are more familiar with and better equipped to resolve). Consequently, courts typically remand declaratory judgment actions regarding insurance coverage that are found to be, at base, breach of contract disputes. *See, e.g.*, *Farm Bureau Gen. Ins. Co. v. Melton*, No. 1:14-cv-997, 2014 WL 5460725, at *3-4 (W.D. Mich. Oct. 27, 2014).

Virgil attempts to argue that because his underlying lawsuit against the Newport Defendants includes federal constitutional claims under § 1983, the instant insurance action "arises" from Virgil's federal claims. However, that Virgil's underlying lawsuit involves federal constitutional claims is not relevant to the Court's analysis of whether it has jurisdiction over the instant declaratory judgment action or anticipated insurance dispute. The Court considers only whether the declaratory judgment action or anticipated action raise a substantial federal issue, and as discussed above, that is not the case. The case cited by Virgil in support of this argument, *Farm Bureau General Insurance Co.*, 2014 WL 5460725 (W.D. Mich. Oct. 27, 2014), demonstrates as much. There, the court remanded a declaratory judgment action in which the plaintiff, Farm Bureau, sought a declaration that it was not obligated to indemnify the insured against a reimbursement

claim asserted by the insured's primary health plan, governed by ERISA. *Farm Bureau*, 2014 WL 5460725, at *1. Although Farm Bureau's obligations under the insurance policy were found to be "contingent on the validity of the [ERISA] plan," the declaratory action before the court did not require any ruling related to the ERISA plan and therefore did not present a federal question. *Id.* at *3-4. Here, Westport's declaratory action and the anticipated insurance dispute similarly would not require the Court to make any rulings with respect to Virgil's pending constitutional claims against the Newport Defendants. Thus, Virgil's argument is misguided. Because the instant action and anticipated claims do not present a substantial federal issue, remand is warranted.[2]

III. **CONCLUSION**

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Remand (Doc. # 17) is **GRANTED** and this matter is hereby **REMANDED** to the Campbell County Circuit Court; and

(2) This matter be **STRICKEN** from the Court's active docket.

This 27th day of May, 2021.



Signed By:
*David L. Bunning*
**United States District Judge**

J:\DATA\ORDERS\Cov2020\20-120 Order Mtn to Remand.docx

---

[2] Westport also seeks remand based on the Newport Defendants' failure to timely consent to Virgil's unilateral removal pursuant to 28 U.S.C. § 1446(b)(2)(A), which requires "all defendants who have been properly joined and served [to] join in or consent to the removal of the action." Along with his response brief, Virgil submitted an email dated October 23, 2020 indicating that the Newport Defendants consent to removal. (*See* Doc. # 22-1). Having found that the Court lacks subject matter jurisdiction, the Court declines to address whether this untimely notice of consent provides an alternative basis for remand.